# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EVIER DIAZ PAEZ,

    Petitioner

v.

DWIGHT NEVEN, et. al,

    Respondents

Case No.: 2:16-cv-02737-JAD-NJK

**Order Granting in Part Motion to Dismiss and Directing Petition to Elect How to Proceed with this Mixed Petition**

[ECF Nos. 25, 30, 39]

    Petitioner Evier Diaz Paez filed this habeas corpus petition under 28 U.S.C. § 2254 to challenge his 2010 state-court conviction for attempted murder with the use of a deadly weapon and first-degree kidnapping with use of a deadly weapon.[1] Respondents move to dismiss the claims as partially unexhausted, duplicative, and non-cognizable.[2] I grant the motion in part, finding some claims non-cognizable and some unexhausted. Paez has until February 14, 2019, to notify the court how he wishes to proceed with this mixed petition.

## I.   Background

    On October 14, 2007, Tremayne Adamson was being driven home from a party by a man nicknamed "Bounce" or "Bouncer," and his passenger, Ginger Sanford. Bounce stopped the car, pointed a gun at Adamson, and shot Adamson six times. Bounce then began to drive again with Adamson still in the back seat, but Adamson managed to open the door of the moving car and dive into the street.[3] Adamson's physical description of Bounce and ability to identify the

---

[1] ECF No. 10. Petitioner was also convicted of battery with use of a deadly weapon not resulting in substantial bodily harm, but that count was ultimately stricken. Ex. 50. The exhibits cited in this order, comprising the relevant state-court record, are located at ECF Nos. 26–28.

[2] ECF No. 25.

[3] *See* Ex. 80 at 11–12.

1

apartment complex in which Bounce lived led police to Paez. After Paez was arrested, Adamson picked him out of a photo line-up.[4]

Shortly before trial was to begin, defense counsel discovered that his office had represented Adamson in a criminal case four years earlier, and he moved to withdraw.[5] Rather than allowing counsel to withdraw, the trial court imposed a "Chinese wall" that screened defense counsel from the others in his office with respect to the representation of Adamson.[6]

Paez was tried by a jury, convicted, and sentenced to several varying consecutive terms of imprisonment, including one term of up to life.[7] On appeal, the Nevada Supreme Court affirmed.[8] Paez then filed a *pro se* petition for state habeas relief and a motion for appointment of counsel.[9] The trial court granted Paez's motion for counsel, and counsel then filed a supplemental petition.[10] Ultimately, the trial court denied relief, and the Nevada Supreme Court affirmed on appeal.[11] Paez then filed his federal petition for habeas corpus relief, which respondents now move to dismiss.[12]

## II. Motion to Dismiss

### A. *Duplicative Claims*

Respondents argue that Grounds 8(H) and 15 of Paez's petition are redundant. While there is some overlap, Ground 8(H) presents claims and allegations that are not contained in Ground 15, which asserts that trial counsel was ineffective for failing to obtain an expert witness

---

[4] *See* Ex. 81 at 5–6; Ex. 43 (Tr. 39–43).

[5] Ex. 27.

[6] Ex. 29.

[7] Exs. 45 & 50.

[8] Ex. 86.

[9] Exs. 88 & 89.

[10] Exs. 94 & 95.

[11] Ex. 99 & 120.

[12] ECF No. 25.

2

to testify that Adamson's use of methamphetamine would have impacted his ability to perceive, recall, and narrate events leading up to and during the crime.[13] While Paez makes this same allegation in Ground 8(H), he also alleges that the expert should have consulted Adamson's medical records; that the people with Adamson the day of the party should have been interviewed to determine if Adamson did drugs or drank alcohol; and that a human factors/psychological expert should have been retained to testify about how being shot six times (including in the head) might have affected Adamson's memory, and to the effect of an invalid photo line-up on Adamson's recall.[14] So I dismiss Ground 8(H) only to the extent it duplicates Ground 15.

Respondents also contend that Ground 12 is redundant of Grounds 1 through 3. In Ground 12, Paez asserts that trial counsel was unable to effectively represent him because of the client conflict.[15] In Ground 1, Paez asserts that the Justice Court deprived him of his right to conflict-free counsel by assigning Adamson's former counsel to represent Paez.[16] In Ground 2, Paez asserts that defense counsel violated his rights by failing to conduct a conflict check early in the criminal proceedings.[17] And in Ground 3, petitioner asserts that the district court violated his rights by imposing a "Chinese wall" instead of allowing defense counsel to withdraw or requiring counsel to obtain written waivers.[18] Ground 12 asserts a claim distinct from the claims raised in Grounds 1 through 3, although the resolution of Ground 12 may well resolve Grounds 1 through 3, too. So, it would not be appropriate to dismiss any of these claims at this time as duplicative.

---

[13] ECF No. 10 at 82.

[14] *Id.* at 49–51.

[15] *Id.* at 68–72.

[16] *Id.* at 3–6.

[17] *Id.* at 8–9.

[18] *Id.* at 11–12.

3

### B. Cognizable Claims

In Ground 4, Paez claims that his Fifth and Fourteenth Amendment rights to due process and a fair trial were violated because "the district attorney's office violated petitioner's constitutional rights and NRPC 3.8 when they failed to disclose the victim was a former client of the public defender's office until the eve of trial."[19] Respondents move to dismiss this ground, arguing that it does not present any cognizable federal claim. But Ground 4 clearly presents a federal claim: that the prosecutor's actions violated Paez's rights to due process and a fair trial under the Fifth and Fourteenth Amendments. To the extent that Paez asserts a standalone claim based on the violation of Nevada ethical rules, respondents are correct that this theory is not a cognizable claim in habeas.[20] So, I grant the motion to dismiss Ground 4 only to the extent it contains a standalone claim based on Nevada ethical rules.

### C. Exhaustion

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. For a claim to be deemed exhausted, it must have been fairly presented to the state courts completely through to the highest state court level of review available.[21] In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim.[22] Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based.[23] The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will

---

[19] *Id.* at 14.

[20] *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

[21] *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[22] *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).

[23] *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

4

have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[24]

### 1. *As presently framed, Ground 4 is unexhausted.*

Respondents challenge Ground 4 as unexhausted. Paez asserted the substance of this ground in his direct appeal, but he alleged only a broad violation of "constitutional rights."[25] This is insufficient to federalize a claim.[26] Although the Nevada Supreme Court did decide the claim as a federal constitutional issue, it decided it as a Sixth Amendment right to conflict-free counsel.[27] And contrary to Paez's argument, the cases considered by the Nevada Supreme Court in deciding his claim do not involve either the Fifth or Fourteenth Amendment or claims of due process and fair trial violations, at least insofar as the state court relied on those cases. Ground 4 is therefore unexhausted.

Paez asks for leave to amend Ground 4 to correct any pleading deficiencies. There is no deficiency in Ground 4, but to the extent Paez wishes to change Ground 4 to a Sixth Amendment claim in order to present it as an exhausted claim, he may ask the court to so construe his claim. An amended petition will not be necessary; Paez need only file a notice that he wants Ground 4 construed as a Sixth Amendment claim. Should Paez file such a notice, the court will deem Ground 4 to be a Sixth Amendment claim, and the claim will then be considered exhausted.

### 2. *Ground 5 is unexhausted.*

In Ground 5, Paez claims that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of counsel were violated when the trial court, prosecutor, and Paez's own attorney allowed the victim to perjure himself during trial.[28] Paez did not present—and the Nevada Supreme Court did not decide—any federal constitutional issue with respect to

---

[24] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[25] Ex 80 at 19.

[26] *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004).

[27] Ex. 86 at 1

[28] ECF No. 10 at 16.

5

this claim in his direct appeal, where the factual basis for the claim was alleged.[29] Nor was this claim raised or decided on post-conviction appeal.[30] It is therefore unexhausted.

Paez's arguments to the contrary are not persuasive. A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[31] Even if the facts might suggest such a claim, it is not exhausted unless the petitioner actually presents that claim to the highest state court.[32] And Paez cites no authority for the proposition that a claim is fairly raised if it is suggested by the respondents in their answer to the state petition. Finally, Paez's argument that the state court's fact-finding with respect to this claim was erroneous so he is entitled to *de novo* review[33] has nothing to do with whether this claim was exhausted. The claim is unexhausted because Paez did not present this operative legal theory to the state courts, not because it presents additional facts changing the nature of the claim.

### 3. *Ground 7 is unexhausted in part.*

In Ground 7, Paez asserts constitutional claims based on the allegedly improper admission of the photo line-up identification.[34] Paez also asserts that Ginger Sanford told prosecutors just before the preliminary hearing that Paez was not "Bounce" and that prosecutors did not disclose this evidence to the defense. Respondents argue that, to the extent Ground 7 asserts a *Brady/Napue* violation on the alleged withholding of this exculpatory information, the claim is unexhausted because it was never presented as a federal due-process claim.

---

[29] Exs. 80 & 84.

[30] Exs. 115, 119 & 120.

[31] *Bland v. Calif. Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[32] *See, e.g.*, *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

[33] ECF No. 35 at 3.

[34] ECF No. 10 at 22.

Paez did not present the withholding of Ginger Sanford's statement as a federal due-process claim, nor did the Nevada Supreme Court decide this claim. Ground 7 is therefore unexhausted to the extent it asserts a claim based on the withholding of Sanford's statement.

### 4. *Ground 8 is unexhausted.*

In Ground 8, Paez asserts various claims of ineffective assistance of counsel.[35] Respondents argue that Ground 8 is unexhausted.[36] None of the surviving claims in Ground 8 has ever been presented to the state's highest courts.[37] While the claims were raised in Paez's *pro per* petition, they were not subsequently presented on appeal. On appeal, Paez raised four—and only four—ineffective-assistance-of-counsel claims. He argued that counsel was ineffective (1) due to the conflict of interest; (2) for failure to move to suppress the obviously tainted photo line-up of [petitioner] that lead [sic] to his in-court identification" (3) "for failure to call Ginger Sanford as a witness as the only person other than [petitioner] and the alleged victim to see the crime;" and (4) "for failure to obtain an expert to testify how the victim's prodigious drug use at the time of the incident affected his ability to perceive, recall, and narrate the facts of the crime."[38] The brief argued that Paez "was entitled to an evidentiary hearing on *these* [ineffective assistance] claims and the district court committed error in dismissing his petition because these claims had merit and were not belied by the record."[39] Paez contends that, in his reply brief on appeal, he referred to *all* of his ineffective-assistance-of-counsel claims by stating: "Appellant stands on the sufficiency and merits of all other claims made in the Opening Brief and the record

---

[35] ECF No. 10 at 28–54.

[36] Respondents' exhaustion argument with respect to Ground 8 is somewhat more nuanced than this, but given the other rulings made in this order, essentially boils down to a claim that the entire ground is unexhausted.

[37] While part of Ground 8(H) has been presented to the state courts, that part of Ground 8 is dismissed by way of this order. *See supra* at p. 3.

[38] Ex. 115 at 20.

[39] *Id.* at 21 (emphasis added).

7

in this case; whether or not expanded further in the Reply."[40] Even assuming this reference were enough to present all the claims in the *pro per* petition to the Nevada Supreme Court, the fact that this statement was not made until the reply precludes any finding that the claims were "fairly presented" to the state courts.[41] Ground 8 is thus unexhausted.

### 5. *Ground 9 is mostly unexhausted.*

In Ground 9, Paez alleges several claims of ineffective assistance of appellate counsel.[42] While respondents initially argued that Ground 9 is entirely unexhausted, they concede in reply that the Nevada Supreme Court actually decided Ground 9(D), even though that claim was not raised on appeal.[43] Respondents are correct, however, that none of the remaining claims in Ground 9 were ever presented to the state's highest courts and that Ground 9 is therefore unexhausted as to all claims except Ground 9(D).

### 6. *Cumulative-effect IAC claims in Grounds 10 and 11 may proceed in part.*

In Ground 10, Paez alleges constitutional violations based on the cumulative effect of trial counsel's ineffective assistance.[44] Although Paez did not assert any cumulative-error claims in state court, Ground 10 will proceed to the extent of any procedurally viable ineffective-assistance-of-trial-counsel claims asserted in this action.

In Ground 11, Paez alleges constitutional violations based on the cumulative effect of appellate counsel's ineffective assistance.[45] Although Paez did not assert any cumulative-error

---

[40] Ex. 119 at 22.

[41] *See Diomampo v. State*, 185 P.3d 1031, 1039 n.25 (Nev. 2008) (refusing to consider argument raised for first time in reply brief); *see also Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (presenting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation of the claim for exhaustion purposes (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989))).

[42] ECF No. 10 at 56–62.

[43] ECF No. 38 at 4–5; Ex. 120 at 1.

[44] ECF No. 10 at 64.

[45] *Id.* at 66.

claims in state court, Ground 11 will proceed to the extent of any procedurally viable ineffective-assistance-of-appellate-counsel claims asserted in this action. At this time, the only procedurally viable claim of ineffective assistance of appellate counsel is that asserted in Ground 9(D). If that remains the only procedurally viable claim, Ground 11 will, in essence, be duplicative of Ground 9(D) and, at the appropriate time, be dismissed on that basis.

### 7. *Grounds 12 through 15 are exhausted.*

In Grounds 12 through 15, Paez asserts the four claims he raised on postconviction appeal to the Nevada Supreme Court.[46] Respondents argue that these claims are not exhausted because Paez argued only that the trial court erred in denying an evidentiary hearing on those claims and did not argue the merits of the claims themselves. But a review of Paez's opening brief on appeal in his postconviction proceedings clearly shows that he challenged both the denial on the merits and the denial of an evidentiary hearing. The Nevada Supreme Court's decision reflects that it similarly considered the merits of all four claims in resolving Paez's appeal. Grounds 12 through 15 are therefore exhausted.

### D. *Anticipatory Procedural Default*

Paez suggests that some of his unexhausted claims might be subject to anticipatory procedural default. A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred.[47] While it is clear that Paez would face several procedural bars if he were to return to state court with his unexhausted claims,[48] Nevada's procedural bars can be excused for cause and when prejudice is shown. With one exception, Nevada's cause and prejudice standards are substantially similar to the federal standards. Given the similarity of the standards, virtually any argument that a petitioner might present in federal court to overcome a procedural default can be presented to the state courts in

---

[46] *See id.* at 68–83; Exs. 115 & 120.

[47] *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *see also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court.").

[48] *See, e.g.*, Nev. Rev. Stat. § 34.726 & 34.810.

9

the first instance. It generally is more appropriate for the state courts to have the opportunity in the first instance to consider the application of conclusive procedural bars.[49] Thus, I will not hold claims to be exhausted on the premise that the petitioner's claims would be procedurally defaulted in state court absent an unequivocal stipulation by the petitioner that the unexhausted claims in fact would be denied on state procedural grounds if he returned to state court to present the claims. No such stipulation has been made here.

The sole exception to this general rule is a claim that might be excused under the Supreme Court's decision in *Martinez v. Ryan*,[50] which the Nevada Supreme Court has expressly declined to follow.[51] In *Martinez*, the United States Supreme Court created a narrow, equitable rule that allows petitioners to, in some cases, establish cause for a procedural default where a substantial claim of ineffective assistance of trial counsel was not raised in initial-review collateral proceedings due to the absence or ineffective assistance of postconviction counsel. The only unexhausted claims of ineffective assistance of trial counsel in this case are those in Ground 8. However, because those claims were raised in initial-review proceedings, *Martinez* cannot excuse the default of those claims.[52] I therefore deny Paez's request to find his unexhausted claims anticipatorily procedurally defaulted.

**III.    Motion for Leave to File a Surreply**

Paez seeks leave to file a surreply in which he argues that (1) his post-conviction counsel has been suspended from legal practice for financial malfeasance, which he believes could be related to or explain counsel's failure to raise several of his post-conviction claims on appeal; and (2) the Nevada Supreme Court's consideration of claims not raised in the appellate briefs

---

[49] *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011), *cert. denied*, 133 S. Ct. 155 (2012) (noting that a stay was appropriate because it provided the state courts with the first opportunity to resolve the claim).

[50] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[51] *See Brown v. McDaniel*, 331 P.3d 867, 872 (Nev. 2014) (en banc).

[52] *Id.* at 16 (declining to extend exception to "attorney errors in other kinds of proceedings, including *appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts") (emphasis added).

suggests they "looked through" to the trial court's decision and that the claims addressed in the trial court's decision may be considered exhausted under *Wilson v . Sellers*.[53] Paez's surreply does not address any claims raised by respondents for the first time in the reply, and the arguments are unnecessary and unpersuasive with respect to resolving the motion to dismiss. Paez's motion for leave to file a surreply is thus denied.

## IV. Motion for Appointment of Counsel

Paez again moves for appointed counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding,[54] but counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.[55] I remain unconvinced that Paez needs counsel or that the interests of justice dictate appointed counsel here. Paez has fairly presented his claims and, despite his concerns, he has filed an opposition to the motion to dismiss that ably responds to the respondents' arguments. So I again deny Paez's motion for appointment of counsel.

## V. Paez Must Choose How to Proceed with this Mixed Petition.

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition.[56] Because Paez's petition contains exhausted and unexhausted claims, it is a "mixed petition" and subject to dismissal.[57] So Paez now must choose one of three options:

1. File a motion to dismiss only the unexhausted claims;

---

[53] *Wilson v . Sellers*, 138 S. Ct. 1188 (Apr. 17, 2018).

[54] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[55] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

[56] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[57] *Id.*

  2. File a motion to dismiss the entire petition without prejudice and return to state court to exhaust the unexhausted claims; or

  3. File a motion for other appropriate relief, such as a motion asking the court to stay and abey the exhausted claims while Paez returns to state court to exhaust the unexhausted ones.

Paez has until February 14, 2019, to elect one of these paths and file the appropriate motion. If he fails to do so, the court will dismiss this mixed petition without prejudice and without further prior notice.

## VI. Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 25] is GRANTED IN PART and DENIED IN PART** as follows:

  1. Ground 8(H) is dismissed to the extent it duplicates Ground 15;

  2. The motion to dismiss ground 12 as duplicative of grounds 1 through 3 is DENIED;

  3. Ground 4 is dismissed as non-cognizable to the extent of any standalone claim based on Nevada ethical rules and denied in all other respects;

  4. Ground 4 is unexhausted, but if Paez submits a notice to the court by February 14, 2019, indicating that he would like Ground 4 construed as a Sixth Amendment right-to-conflict-free-counsel claim, I will so construe the claim and Ground 4 will be considered exhausted;

  5. Grounds 5 and 8 are unexhausted;

  6. Ground 7 is unexhausted to the extent it asserts a claim based on the withholding of Sanford's statement;

  7. Except as to Ground 9(D), Ground 9 is unexhausted;

  8. Grounds 10 and 11 will proceed to the extent of any procedurally viable ineffective-assistance-of-counsel claims;

  9. Grounds 12 through 15 are exhausted.

IT IS FURTHER ORDERED that **Paez must do one of these three things by February 14, 2019, or this mixed petition will be dismissed without prejudice and without further prior notice:** (1) File a motion to dismiss seeking partial dismissal of only the unexhausted

claims; (2) File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; or (3) File a motion for other appropriate relief, such as a motion for a stay and abeyance to hold the exhausted claims in abeyance while Paez returns to state court to exhaust the unexhausted claims.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a surreply **[ECF No. 39] is DENIED.**

IT IS FURTHER ORDERED that petitioner's renewed motion for appointment of counsel **[ECF No. 30] is DENIED.**

Dated: January 15, 2019

_____
U.S. District Judge Jennifer A. Dorsey